**NORTHERN DISTRICT OF GEORGIA**

**UNITED STATES DISTRICT COURT**



IRVING A HARNED, JR., ;

        Plaintiff :

Vs. :

                      CIVIL ACTION NO.

                      **1:22-CV-3476**

FULTON COUNTY CLERK OF THE

COURT'S OFFICE,

FULTON COUNTY DISTRICT

ATTORNEY'S OFFICE

        Defendant. :

-----

**COMPLAINT SEEKING DAMAGES FOR DEPRIVATION OF RIGHTS, DENIAL OF EQUAL PROTECTION UNDER THE LAW, DENIAL OF DUE-PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, ABUSE OF OFFICE, AND CORRUPT CONSPIRACY WITH A JUDGE.**

( Sanctioned by 42 U.S.C. Section 1983 U.S. Code- 42. Annotated title 42. The Public Health And Welfare Section 1983. Civil action for deprivation of rights. )

1

**COMES NOW,** Irving A. Harned, Jr. ( hereafter: Plaintiff ) and files this "Complaint Seeking Damages For Deprivation of Rights, Denial of Equal Protection Under law, Denial of equal Protection and Due -Process Under The Fifth and Fourteenth Amendments, Abuse of Office, and Corrupt Conspiracy With a Judge. The Above styled Complaint is against the Fulton County Clerk of The Court office and the Fulton County District Attorney's office.

Access to this Court is sanctioned by ( 42 U.S.C. Section 1983 . U.S. Code - 42. Unannotated title 42. The Public Health and Ware Section 1983. Civil action for deprivation of rights.)

## OPENING STATEMENTS

### ENTANGLED WEB OF DECEPTION HIDING CRIMES AGAINST HUMANITY : CLAIMS ARE EASILY VERIFIED IN THE COURT RECORDS

Despite having two Complaints dismissed, Plaintiff expresses his heartfelt appreciation to the most Honorable Judge Ross for her legally and morally correct adjudications.

Thank you, Your Honor; Pro Se is now aware of **Rule 12 (b) (6)..**

Our Great Country allows this common man to bring his complaint before an esteemed Federal Court Judge appointed by one of the greatest Americans in history.

Now, Plaintiff will discribe corrupt human behavior representing the very opposite of anything President Obama or Your Honor would ever do.

**Fani Willis**, and **Cathleen Robinson** know, and have reason to know, a conspiracy has dealt with an 80 year old Pro Se litigant in a manner a black citizen would have been treated 100 years ago in the State of Georgia. There is an on-going unlawful conspiracy to silence Plaintiff to protect Piedmont Hospital, Atl. **Conspirators include, but are not limited to, Judge MCburney, Cathleen Robinson, Fani Willis, Judge Adams, and Christopher Carr.**

Respectfully, plaintiff will tell only the whole truth and state his claims as required by **12 (b) (6)..** Defendants owed Plaintiff a duty to provide due process and equal protection under the law in accordance with the Fifth Amendment and the Fourteenth Amendment. Defendants breached their duty to Plaintiff and Plaintiff suffered injuries both physical and financial as a result of Defendant's denial of due process and equal protection under the law.

**Sadly, Ms. Fani Willis, like the Brunswick, Ga district attorney who protected Mr. Ahmaud Arbery's murders, is protecting Piedmont Hospital.**

**Like Mr. Arbery, Plaintiff is one of approximately 50 thousand victims of Piedmonts' Rico-style conspiracy.**

**Piedmont does not deny Plaintiff's claim that the hospital was in violation of Georgia Hospital Regulation 111- 8- 40- 20., for three or more decades. This crime against humanity is the most horrific medical atrocity since the Tuskegee Study.**

AGAIN, Just like the Brunswick Ga., district attorney protected Mr Arbery's murders, Ms. **Fani Willis** is Protecting Piedmont Hospital against consequences of the most egregious medical atrocity since the Tuskegee Study. . **( Rule 12, (d) (6) )**

Defendants owed Plaintiff a duty to provide due process and equal protection under the law in accordance with the Fifth Amendment and the Fourteenth Amendment. Defendants breached their duty to Plaintiff and Plaintiff suffered injuries both physical and

financial as a result of Defendant's denial of due process and equal protection under the law. **( Rule 12, (d) (6) )**

Clerk Of Court, **Ms. Robinson** with Judge MCburney, and Ms. Fani Willis owed Plaintiff a duty to provide due process and equal protection under the law in accordance with the Fifth Amendment and the Fourteenth Amendment. Defendant breached her duty to Plaintiff by wrongly and willfully denying Plaintiff his right to file motions and lawsuits. **( Rule 12, (d) (6) )**

. Plaintiff suffered injuries both physical and financial as a result of Defendant's denial of due process and equal protection under the law.

## EXTREME CONFLICT OF INTEREST

**OVERWHELMING EVIDENCE** shows **Judge Kimberly Adams, Fani Willis, Christopher Carr, Judge Robert MCburney,** and **Cathleen Robinson** are protecting Piedmont Hospital and each other as follows : . ( Rule 12, (d) (6) )

(1) Judge **Kimberly Adams "BURIED"** Plaintiff's " Fraud And Conspiracy To Commit Fraud" against Piedmont Hospital. ( See Final Order entered April 26, 2019 , Action No. 2018 - CV- 311642 ) ( See Third Amended Complaint, Count Two, Fraud And Conspiracy To Commit Fraud" , Action No. 2018- CV- 311642 )

(2) Georgia Attorney General **Christopher Carr** was senior defense counsel for **Judge Adams.** ( See Plaintiffs Complaint against Judge Adams )

(3) **MR CARR** WAS IN **DEFAULT** ON PLAINTIFF'S A 50 MILLION DOLLAR LAWSUIT PRIOR TO DISMISSAL. ( Action No. 2021- CV- 355989.).

4

(4)     **Judge MCburney** wrongly dismissed Plaintiff's Lawsuit against **Mr. Carr** based on an Interim "Order" by **Judge Adams** in a case that closed on April 26, 2019. ( See Court Order, Entered February 25, 2022, Action No. 2021-CV- 355989 )

(5)     Georgia Attorney General **Christopher Carr** was senior defense counsel for **Judge MCburney.** ( See Plaintiff, Complaint against Judge MCburney )

(6)     Georgia Attorney General **Carr** supports **Ms Fani Willis's** Grand Jury investigation.

(7)     **Judge MCburney** presides over Ms. **Fani Willis'** Grand jury Inquiry.

(8)     **Judge MCburney** wrongly and willfully dismissed Plaintiff's Lawsuit against Piedmont Hospital based on an "Interim Order" by **Judge Adams** in a case that closed on April 26, 2019. ( See Court Order, Entered February 25, 2022, Action No. 2021-CV- 355949 )

(9)     **Judge MCburney** unlawfully ignored Plaintiff February 28, 2022 Motion to set-aside dismissal of Plaintiff's Complaint against Attorney General **Carr.** ( See Motion To Set-Aside, Filed February 28, 2022, Action 2021- CV- 355989 )

(10 )   Clerk of Court **Cathleen Robinson** denied Plaintiff's Motion To Set Aside dismissal of Plaintiff's Complaint against Attorney General **Carr.**   ( See Court Order,

Entered February 25, 2022, Action No. 2021-CV- 355989 )  Ms. Robinson breached her duty to Plaintiff under due process and equal protection under the law. **Rule 12 (b) (6)..** In Addition Ms.Robinson engaged in " Corrupt Collusion ) with Judge Mcburney. ( See Sparks Vs Dennis

In Dennis V. Sparks, 449 U.S. 24 ( 1980 ) **The Supreme Court unanimously held : "The action against the private parties accused of conspiring with a judge is not subject to dismissal.** Private persons, jointly engaged with the state officials in a challenged action, are acting " under color" of law for purpose of Section 1983 actions…The potential harm to the public from denying immunity to coconspitators if the factfinder mistakenly upholds a charge of a corrupt conspiracy is outweighed by the benefits of providing a remedy against those private persons who participate in subverting the judicial process, and, in so doing, inflict injury on persons. " Pp 449 U.S. 27-32.

**Plaintiff pleads Defendants' breached their duty to plaintiff by  flagrant and obvious corrupt collusion between Judge Robert MCburney and The Clerk's Office And the Office of the District Attorney, Fani Willis.  This lawsuit is not subject to dismissal.  (** See  In Dennis V. Sparks, 449 U.S. 24 ( 1980 )

**Plaintiff is denied potential financial gain by lawsuits and motions.  The Office of the Clerk of Court and District Attorney's Office  have abused their Offices and denied Plaintiff Due Process and Equal Protection under the Fifth Amendment And Fourteenth Amendment. ( Rule 12, (d) (6) )**

( Sanctioned by  42 U.S.C. Section 1983 U.S. Code- 42. Annotated title 42. The Public Health And Welfare Section 1983. Civil action for deprivation of rights. )

( 11 )   Piedmont Healthcare C.E.O. **Kevin Brown** had no awareness of the decades long Rico-Style Conspiracy at Piedmont Hospital and will truthfully answer any inquiry authorized by **Ms. Fani Willis.**

(12)   **Like the Brunswick Ga., district attorney protected Mr Arbery's murders, Fani Willis is Protecting Piedmont against consequences of the most egregious medical atrosity sence the Tuskeegee Study.**

**NOW,** Overwhelming evidence shows **Fani Willis, Christopher Carr,** Judge **Robert MCburney** and **Ms Chaleen Robinson** are protecting Piedmont Hospital.

Not long ago another district attorney protected **AHMAUD ARBERY'S** murders. That was **" ABUSE OF OFFICE".**

**Fani Willis**, and **Cathleen Robinson** know, and have reason to know, a conspiracy has dealt with an 80 year old Pro Se litigant in a manner a black citizen would have been treated 100 years ago in the State of Georgia. There is an on-going unlawful conspiracy to silence Plaintiff to protect Piedmont Hospital, Atl. **Conspirators include, but are not limited to Judge MCburney, Cathleen Robinson, Fani Willis, Judge Adams, and Christopher Carr.**

## BACKGROUND AND FACTS

**It is a fact** that Judge **Kimberly Adams'** December 10, 2018 Provisional order **did not** require Plaintiff to obtain Court permission to file motions. ( See Court Order, Entered December 10, 2018, Action No. 2018-CV- 311642 )

Furthemore, **JUDGE ROBERT MCBURNEY** knows, and has reason to know, " Interim Orders" are provincial or temporary orders that continue until the final decision in a case is reached. Defendant's and **Judge Robert MCburney** know, and have reason to know, this is common knowledge.  Said orders  preserve the status quo during the litigation process.

The Fourteenth amendment's Equal Protection Clause requires a state to govern impartially. Before The Honorable **Judge Ross** is a motion claiming **Judge Kimberly Adams** failed to adjudicate Plaintiff's Third Amended Complaint, Count Two: Fraud and Conspiracy to Commit Fraud. Said Motion is, in part, based on the Equal Protection Clause and the Due-process Clause.

In the Recent " Ahmaud Arbery murder case" The Brunswick, Ga. District Attorney is charged with abuse of office for protecting the convicted murders. Mr. Arbery's Equal Protection rights were denied.

Plaintiff claims that overwhelming evidence shows that Judge **Kimberly Adams**, Attorney General **Christopher Carr**, Judge **Robert MCburney**, Ms. **Cathleen Robinson** Superior Court, and the Fulton County District Attorney's Office are protecting Piedmont Hospital, from the consequences of a " **CRIME AGAINST HUMANITY."**

**IT IS A FACT THAT PIEDMONT HOSPITAL DOES NOT DENY PLAINTIFF'S CLAIM THAT THE CARDIAC SERVICES OF PIEDMONT HOSPITAL WAS IN VIOLATION OF GEORGIA HOSPITAL REGULATION 111- 8- 40- 20 FOR THREE OR MORE DECADES.**

**UNDOUBTEDLY, THE UNTOLD SUFFERING, INJURY AND DEATHS THAT OCCURED MAKE THIS THE GREATEST MEDICAL ATROCITY SINCE THE TUSKEGEE STUDY.**

**DENNIS VS. SPARKS**

**IT IS A FACT, THE UNITED STATES SUPREME COURT UNANIMOUSLY HELD THAT CASES ALLEGING CORRUPT CONSPIRACY WITH A JUDGE ARE NOT SUBJECT TO DISMISSAL.**

**COUNT ONE IS BASED ON THE FOLLOWING:**

On August 26, 2022 Ms. **Chyvaun Ferguson** informed Plaintiff that he could not file a " Motion To Set-Aside" **Judge Robert MCburney's** dismissal of Plaintiff's Complaint against Mr. Christopher Carr without the Court's permission.

**Judge Adams'** "Interim Order **DOES NOT** require permission to file **MOTIONS. Accordingly there is no basis to require Court approval prior to Plaintiff filing a motion to set-aside.** ( See O.C.G.A. Section 9-11-60 ) ( See Action No.2021-CV- 355989 ) ( See "Interim Order" entered on December 10, 2018, Action No.2018- CV- 311642 )

**Whereby, Plaintiff states the claim that he is denied the potential financial gain from Action No. 2021- CV- 355989. MR CARR WAS IN DEFAULT ON A 50 MILLION DOLLAR LAWSUIT PRIOR TO DISMISSAL.**

**Additional evidence of collusion between Judge McBurney and Christopher Carr is shown by Judge MCburney refusing to litigate Plaintiff's " Motion To Set-Aside dismissal of Action No. 2021-CV- 355989., filed on February 28, 2022.**

On August 26, 2022 Ms.Chyvaun Ferguson informed Plaintiff that he could not file a lawsuit against the "Fulton County District Attorney's Office" without prior permission. Judge Adams' Interim Order was replaced by the Final Order on April 26, 2019. Accordingly, Judge Adams' December 10, 2018 "Interim Order" **expired** on April 26, 2019.

Clerk of Court **Cathleen Robinson** breached her duty to provide **DUE PROCESS** by denying Plaintiff's Motion To Set Aside dismissal of Plaintiff's Complaint against Attorney General **Carr.** ( See Court Order, Entered February 25, 2022, Action No. 2021-CV- 355989 ) Ms. Robinson breached her duty to Plaintiff under due process and equal protection under the law. **Rule 12 (b) (6)..**

In Addition Ms.Robinson breached duty to Plaintiff by engaging in " Corrupt Collusion ) with Judge Mcburney and Faini Willis.

In Dennis V. Sparks, 449 U.S. 24 ( 1980 ) **The Supreme Court unanimously held : "The action against the private parties accused of conspiring**

**with a judge is not subject to dismissal.** Private persons, jointly engaged with the state officials in a challenged action, are acting " under color" of law for purpose of Section 1983 actions…The potential harm to the public from denying immunity to coconspitators if the factfinder mistakenly upholds a charge of a corrupt conspiracy is outweighed by the benefits of providing a remedy against those private persons who participate in subverting the judicial process, and, in so doing, inflict injury on persons. " Pp 449 U.S. 27-32.

**Plaintiff pleads Defendants' breached their duty to plaintiff by flagrant and obvious corrupt collusion between Judge Robert MCburney and The Clerk's Office And the Office of the District Attorney, Fani Willis. This lawsuit is not subject to dismissal. (** See In Dennis V. Sparks, 449 U.S. 24 ( 1980 )

**Plaintiff is denied potential financial gain by lawsuits and motions. The Office of the Clerk of Court and District Attorney's Office have abused their Offices and denied Plaintiff Due Process and Equal Protection under the Fifth Amendment And Fourteenth Amendment. ( Rule 12, (d) (6) )**

( Sanctioned by 42 U.S.C. Section 1983 U.S. Code- 42. Annotated title 42. The Public Health And Welfare Section 1983. Civil action for deprivation of rights. )

### FACTUAL ALLEGATIONS

1.

On December 10, 2018 Judge Kimberly Adams entered an " Interim Order". The order **DID NOT MENTION MOTIONS.** ( See Interim Order, entered December 10, Action No. 2018-CV- 311642.)

2.

10

Judge Adams' "Interim Order" required Plaintiff to obtain the Court's permission prior to filing **arrest warrants.** Judge Adamse Order **did not** mention motions. ( See Interim Order, entered December 10, Action No. 2018-CV- 311642.)

**3.**

Judge Adams' "Interim Order" required Plaintiff to obtain the Court's permission prior to filing **subpoenas.** Judge Adamse Order **did not** include motions. ( See Interim Order, entered December 10, Action No. 2018-CV- 311642.)

**4.**

Judge Adams' "Interim Order" required Plaintiff to obtain the Court's permission prior to filing **Lawsuits.** Judge Adamse Order **did not** include motions. ( See Interim Order, entered December 10, Action No. 2018-CV- 311642.)

**5.**

Judge Adams' "Interim Order" **DID NOT** require Plaintiff to obtain the Court's permission to file motions. ( See Interim Order, entered December 10, Action No. 2018-CV- 311642.)

**6.**

Judge Adams' " Interim Order" was replaced by Judge Adams' "Final Order",, on April 26, 2019 and thereafter was not in effect. ( See Final Order, Entered April 26, 2018., File No. 2018-CV- 311642.)

**7**

On August 26, 2022 Ms. Chyvaun Ferguson informed Plaintiff that he could not file a " Motion To Set-Aside" Judge Robert MCburney's dismissal of Plaintiff's Complaint against Mr. Christopher Carr without the Court's permission. Ms Ferguson stated the same for a lawsuit against Piedmont for falsifying evidence.

Judge Adams' "Interim Order **does not** require permission to file **motions. Accordingly there is no basis to require Court approval prior to Plaintiff filing a motion.**

( See O.C.G.A. Section 9-11-60 ) ( See Action No.2021-CV- 355989 ) ( See "Interim Order" entered on December 10, 2018 )

8.

On July 7, 2022 Plaintiff was interviewed and questioned by **Raymond Nieves, a high ranking investigator who demonstrated exceptional questioning skill, grasp of information, and insight.**

The meeting was recorded and lasted over an hour. Plaintiff presented **conclusive verbal and Court Records** evidence that the " Cardiac Services of Piedmont Hospital Atlanta has been in violation of Georgia Hospital Regulations 111- 8- 40-20., for three or more decades.

9.

On July 7, 2022 Plaintiff was interviewed and questioned by **Ms. Sonya Allen, a high ranking prosecutor** for the Fulton County District Attorney's Office. The meeting was recorded and lasted over an hour. Plaintiff presented **conclusive evidence, both verbal and Court Records,** that the " Cardiac Services of Piedmont Hospital Atlanta has been in violation of Georgia Hospital Regulations 111- 8- 40-20., for three or more decades.

10..

On July 7, 2022 Plaintiff was interviewed and questioned by **Ms. Sue Chan, a high ranking prosecutor** for the Fulton County District Attorney's Office. The meeting was recorded and lasted over an hour. Plaintiff presented **conclusive evidence** that the " Cardiac Services of Piedmont Hospital Atlanta has been in violation of Georgia Hospital Regulations 111- 8- 40-20., for three or more decades.

11.

**On July 7, 2022, Mr. Nieves, Ms. Chan and Ms.Allen looked up Georgia Hospital Regulation 111- 8- 40- 20. Said Regulation requires " home care" education for hospitalized patients prior to discharge.**

12.

On July 7, 2022 **Ms. Chan** asked Plaintiff how many patients have been discharged without required homecare education ?  Plaintiff estimated **50 thousand,** mostly elderly, highly vulnerable patients had not received homecare education. Furthemore, their discharge summaries were unlawfully falsified. Ms. Chan evenced surprise and asked Plaintiff to explain how he arrived at his estimate.

13.

**On July 7, 2022 Plaintiff claimed To the officials that untold suffering, injury and deaths have undoubtedly occurred and that Piedmont Hospital crimes must be treated as crimes against humanity.**

14.

On July 7, 2022 Plaintiff informed the officials that Plaintiff had sued Judge Kimberly Adams for failing to adjudicate Plaintiff's " Fraud and Conspiracy To Commit Fraud" Count Two, that addressed Piedmont's violation of Georgia Hospital Regulation 111- 8- 40- 20. ( See Third Amended Complaint, Filed January 7, 2019, Action No. 2019-CV- 311642 )

15.

**Georgia  Attorney General Christopher Carr was senior defense counsel for Judge Adams and Judge MCburney.**

16.

**In late 2021 Plaintiff Sued Mr. Carr and Plaintiff asked for 50 million dollars. One of Plaintiff's Claims was that Mr. Carr was abusing his office by protecting Piedmont Hospital. Not unlike the " Ahmaud Arbery" case.**

Christopher Carr defaulted in Action File No. 2021- CV- 355989.   ( See Action File No. 2021-CV- 355989, Fulton Superior Court )

17.

Judge Adams' " Interim Order" was replaced by Judge Adams' "Final Order",, on April 26, 2019 and thereafter was not in effect. ( See Final Order, Entered April 26, 2018., File No. 2018-CV- 311642.)

**COUNT ONE: SEEKING DAMAGES FOR DEPRIVATION OF RIGHTS, DENIAL OF EQUAL PROTECTION UNDER THE LAW, DENIAL OF DUE-PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS, ABUSE OF OFFICE, AND CORRUPT CONSPIRACY WITH A JUDGE.**

**18.**

When Fani Willis' Office scheduled an interview with Plaintiff and informed Plaintiff that any action against Piedmont would depend on the content and reliability of evidence presented, an obligation to the alleged victim was established. That is, a possible action was stated but dependent on the content and reliability of evidence.

Plaintiff was assured he would be contacted with the results of the investigation. Now, Plaintiff is Pleading his evidence was conclusive. Furthemore, If questioned Mr Kevin Brown C.E.O. would not lie.

NOW, Defendants must accept Plaintiff's pleadings as true for the purposes of a motion to dismiss. Accordingly, Plaintiff has pleaded that his evidence is conclusive, recorded and documented and in the hands of Defendant.

**19.**

Clerk Of Court, **Ms. Robinson** with Judge MCburney, and Ms. **Fani Willis** owed Plaintiff a duty to provide due process and equal protection under the law in accordance with the Fifth Amendment and the Fourteenth Amendment. Defendant breached her duty to Plaintiff by wrongly and willfully denying Plaintiff his right to file motions and lawsuits. **( Rule 12, (d) (6) )**

.           Plaintiff suffered injuries both physical and financial as a result of Defendant's denial of due process and equal protection under the law.

**19.**

In Dennis V. Sparks, 449 U.S. 24 ( 1980 ) **The Supreme Court unanimously held : "The action against the private parties accused of conspiring with a judge is not subject to dismissal. "** Pp 449 U.S. 27-32.

**Plaintiff pleads flagrant and obvious corrupt collusion between Judge Robert MCburney and The Clerk's Office And the Office of the District Attorney, Fani Willis.  This lawsuit is not subject to dismissal.** ( See  In Dennis V. Sparks, 449 U.S. 24 ( 1980 )

**Plaintiff is denied potential financial gain by lawsuits and motions.  The Office of the Clerk of Court and District Attorney's Office  have abused their Offices and denied Plaintiff Due Process and Equal Protection under the Fifth Amendment And Fourteenth Amendment.**

( Sanctioned by  42 U.S.C. Section 1983 U.S. Code- 42. Annotated title 42. The Public Health And Welfare Section 1983. Civil action for deprivation of rights. )

**19.**

This long litigation against a Rico- style conspiracy has been a financial and emotional painful ordeal for a 80 year old man, with heart failure and living on social security alone.  Accordingly,  Judgment be entered against Defendant for damages in excess of $ 5,000,000 for physical, and emotional pain and suffering.

Wherefore, Plaintiff respectfully request a trial by jury and demands that :

A       Summons and process issues to Defendant

B    Judgment be entered against Defendant for damages in excess of $ 25,000,000. Twenty-Five million dollars to be entered against Defendant for potential financial loss, and punitive Damages.

C.    Judgment be entered against Defendant for damages in excess of $ 10,000,000 for physical, and emotional pain and suffering.

C.    Judgment be entered against Defendant for all court costs.

This 29th day August of 2022.

IRVING A. HARNED, JR. Pro Se.

507 Deer Cliff Court.

Woodstock, Ga. 30189

770 592 1102

thememsrer@yahoo.com"